### LUM vs. KELSO ET ALS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

A defendant cannot sustain a claim to property on the ground that he is a judgment creditor and entitled to a preference, unless he establishes the fact of his being a judgment creditor, by exhibiting an authentic copy of such judgment in evidence.

The copy of a copy of a judgment is inadmissible in evidence.

The plaintiff claims two negroes in virtue of an act of sale from Frederick Kimball, dated 15th December, 1823. M. W. Kimball sold to F. Kimball by deed, dated November 11th, 1819, who sold a life estate in the two negroes to Madame Deshautel, on the 10th of December following. The negroes were sequestered in the parish of Avoyelles at the suits of several creditors of Middleton W. Kimball, the original vendor of the plaintiff. The plaintiff alleges that since the death of Madame Deshautel, the negroes have been run off into the parish of Rapides by George Y. Kelso, acting as the agent of Campbell, Ritchie & Co. creditors of M. W. Kimball, and who has caused an execution from the parish of Avoyelles, in favor of his principals, to be levied on the slaves in contest.

The plaintiff obtained an injunction to stop the sale, and prayed to have the slaves delivered up, and that he be quieted in his title to them.

Kelso denied, generally, that he acted as the agent of Campbell, Ritchie & Co. who were judgment creditors of M. W. Kimball. That Kimball was in possession of the two slaves in question for more than five consecutive years before the execution was levied on them ; and that one of them was mortgaged in 1819 before the sale to F. Kimball, and both were hypothecated by judicial mortgage, resulting from a judgment against M. W. Kimball, recorded in 1821, before the sale to the plaintiff. In 1828, Campbell, Ritchie & Co. levied their execution on the negroes, then in the possession of M. W. Kimball, who attempted to run them off. In December, 1828, they were sequestered; but the agent, fearing Kimball would again arrest them from the possession of the officer, bonded them and removed them to the parish of Rapides. Both Kelso and the sheriff allege that the sale to Lum was simulated and fraudulent, and that M. W. Kimball continued to be the true owner.

The defendants also rely on a sale of these negroes to one Y. E. Stewart, by M. W. Kimball, who conveyed them to Louisa Kimball, wife of M. W. Kimball ; consequently they became community property. These sales and transfers took place in 1820 and 1821.

Kelso offered in evidence the record copy of the judgment in the parish judge's office, of the parish of Avoyelles, which was excepted to on the ground that it was the copy of a copy. Several other items of the evidence were excepted to, not material to the issue. The plaintiff put in a plea of prescription of one year to the allegation of fraud, &c. The defendants had judgment. The plaintiff appealed.

*Flint,* for the plaintiff.

The record of the judgment which the defendant has offered in evidence to support his claim, and in virtue of which he claims a preference over the vendees of M. W. Kimball, is inadmissible as evidence in the cause. It is but the copy, made from a copy of the judgment which the defendant had made out to be recorded. Upon this the defendant's whole claim rests. Take it away, and his claim falls to the ground.

WESTERN DIST.
October, 1831.

LUM
vs.
KELSO ET ALS.

2. The plaintiff's title is superior in date and validity to that of the defendant, and he ought to succeed on his title.

*Winn,* for defendants and appellees, contended :

1. That the sale from M. W. Kimball to F. Kimball, under whom the plaintiff claims, is null and void, and had been declared so by the Supreme Court. See the case of *Kimball* vs. *Kimball et als.* 1 *Martin, N. S.* 633.

2. The plaintiff purchased since this decision, and with a full knowledge of it; so that his vendor having no title to the slaves claimed, could transfer none.

3. The sale from F. Kimball to Lum was simulated and fraudulent, without consideration, so that the defendants come within the principle settled in 1 *Martin, N. S.* 633.

4. The plaintiff has failed to establish the identity of the slaves in question, or prove a delivery or possession.

5. Admitting the sale from M. W. Kimball to F. Kimball to be valid, the latter had transferred the negroes in contest to one Y. E. Stewart, who conveyed them to Louisa Kimball, wife of M. W. Kimball, before the sale to the plaintiff; consequently they became community property and were liable to seizure for a community debt.

*Porter, J.* delivered the opinion of the court.

The plaintiff took out an injunction against Kelso and Jett the sheriff of the parish of Rapides, to prevent them selling on execution two slaves to which he sets up title. The execution issued on a judgment alleged to be obtained against one Middleton W. Kimball, under whom the plaintiff claims.

The petition alleges that Middleton W. Kimball sold the property to one Frederick Kimball, who afterwards conveyed it to Madame Deshautel, during the term of her natural life, and that the said Frederick, subsequent to this sale to Mrs. Deshautel, transferred to the petitioner the residuary right to the slaves sold to her.

The case was much contested in the court below. The defendants seemed principally to rely for their defence on the right of Frederick Kimball having been conveyed to the

wife of M. W. Kimball previous to the sale to the plaintiff; and that as community property it was responsible for community debts.

Before, however, they could offer this as a defence to the legal title, which the plaintiff showed to the property, it was necessary for them to establish the fact of their having, or those whom they represented having, a judgment against M. W. Kimball.

This they failed to do. They offered on the trial an extract from the office of the parish judge of Avoyelles, showing a judgment recorded there in favor of Campbell, Ritchie & Co. whose agents the defendants are ; but this was not the best evidence of which the case was susceptible—a copy of the judgment from the clerk of the court which rendered it should have been produced. That presented was the copy of a copy; of a copy too which had passed through the hands of the judgment creditor, or his agent, before it was recorded in the parish judge's office, and consequently open to nearly every objection which can be made to secondary evidence.

A defendant cannot sustain a claim to property on the ground that he is a judgment creditor & entitled to a preference, unless he establishes the fact of his being a judgment creditor, by exhibiting an authentic copy of such judgment in evidence.

The copy of a copy of a judgment is inadmissible in evidence

On a whole view of the case, however, we think it a proper one for the exercise of the power vested in this tribunal by the 906th article of the Code of Practice.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that this cause be remanded to the District Court for a new trial: the appellee paying the costs of this appeal.